## J. F. GAMBLE *v.* T. R. McCLINTOCK.

The rule "*contra non valentem ageri*," cannot avail the plaintiff, when prescription has been acquired before the debtor absconds.

A promise to pay a debt upon a condition, which has been fulfilled, amounts to a renunciation of prescription.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Elmore & King*, for plaintiff. *Hamner & Hays*, for defendant and appellant.

BUCHANAN, J. This is a suit to recover balances due on two promissory notes given in South Carolina and payable, one for $3098 55, on the 1st of January, 1839, and one for $1000, on the 1st of January, 1840.

These notes had been reduced, at the time of the institution of the suit, by payments made on account at sundry times, to the sum (including interest calculated according to the law of South Carolina, at seven per cent. from maturity,) of $1270, for which sum plaintiff asks judgment, with interest against defendants.

The defendant pleads the prescription of five years; against which, the plaintiff urges that he has been prevented from suing by the act of the defendant in absconding from the place where the contract was made, and where both parties resided; and further, that the prescription has been renounced, by an acknowledgment of the debt.

We consider it proved, that the defendant moved clandestinely from South Carolina, to avoid the payment of his debts, in February or March, 1847. That is the date given to defendant's last appearance in Winnsboro', by the witness, *McDowell*, whose evidence is much more circumstantial than that of any of the other witnesses examined on this point. Those witnesses vary between 1845, 1846 and 1847, none of them speaking with certainty.

It is evident that the prescription of five years had been acquired on both notes, before the departure or absconding of the defendant from South Carolina; and, therefore, the rule laid down in the case of *McMaster* v. *Mather*, 4th Ann. 418, applies, and the doctrine *contra non valentem ageri*, cannot avail the plaintiff.

Upon the point of renunciation of prescription, we have, first, the evidence of *A. W. Yonque*, as to a conditional promise to pay the note of $1000, made by defendant when he was in South Carolina last, "which," says the witness, "I think was some time previous to March, 1848." As we have seen above, defendants last appearance in South Carolina, being proved by plaintiff's witnesses to have been in February or March, 1847, the testimony of *Yonque*, as to defendant's acknowledgment must be referred to a period antecedent to that date, consequently more than five years before the institution of this suit.

Another witness of plaintiff, his brother, *J. W. Gamble*, proves that defendant made a conditional promise to pay both these notes, on the 22d February, 1850. The evidence of this witness is, as follows : " Those notes were brought up in a settlement in which *McClintock* acknowleged and said he had left notes with *John T. Hammond* to pay those notes alluded to, and if he has not collected those notes, you shall never lose any thing by me." The *John T. Hammond* mentioned in this deposition, who was the payee of one of the notes, has been examined under commission in this case, and his evidence corroborates to a certain extent that of *Gamble.* He proves that defendant did leave with him certain notes to be collected, and the proceeds to be applied to the payment of the notes now sued upon. He also proves that he attempted in vain to collect those notes, the makers of the same being insolvent.

We think this is sufficient proof of renunciation of prescription. The declarations of defendant, as proved by the witness *Gamble*, amount to a promise to pay upon a condition, which has been fulfilled—namely, the failure to make the money out of the notes left with Mr. *Hammond.* The declarations of defendant appear to amount, in the words of Article 3424 of the Code, to the relinquishment of a right acquired by prescription.

Judgment affirmed.